MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBISOFT, INC., a corporation existing under the laws of California,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J.V.L., a/k/a SMBB, KOKUJIN, and MRGAMEBOY, an individual; SANDRA RIJKEN d/b/a SIMPLY SAN WEBDESIGN, an individual; MIZUSOFT LTD., an entity of unknown form; DOE 1 a/k/a SKULLMEME; DOE 2 a/k/a YUSUF; DOE 3 a/k/a EMRETM, and DOES 4 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:19-cv-09132-GW (KESx)<br><br>Honorable George H. Wu<br><br>**JOINT STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Mitchell
Silberberg &
Knupp LLP

5603188.2

Plaintiff Ubisoft, Inc. ("Ubisoft") and Defendants J.V.L. and Sandra Rijken d/b/a Simply San Webdesign ("Defendants") (collectively, the "Parties"), hereby stipulate to an order for entry of judgment and permanent injunction as follows:

1. Judgment shall be entered against Defendants in the amount of One Million, Four Hundred Thousand Dollars ($1,400,000), payable pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

2. Defendants, all persons acting under Defendants' direction or control (including but not limited to Defendants' agents, representatives, and employees), and those persons or companies in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and desist from any of the following:

(a) taking any steps on Defendants' own behalf or assisting others in creating, distributing, advertising, marketing or otherwise making available any software whose use infringes copyrights, patents, or trademarks owned or controlled by Ubisoft Inc. or its parents, subsidiaries, or affiliates ("Ubisoft") (Ubisoft's "Intellectual Property"), circumvents technological measures that control access to Ubisoft's games (including but not limited to Rainbow Six: Seige ("R6S")), or violates Ubisoft's Terms of Use ("TOU"), including but not limited to the software products known as "Mizusoft" and "CheapBoost" (the "Cheating Software") and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, distributed or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(b) obtaining, possessing, accessing or using any software whose use by Defendants infringes any of Ubisoft's Intellectual Property, circumvents

technological measures that control access to Ubisoft's games, or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(c) Promoting, advertising, or encouraging or inducing others to purchase or use (including via any social media account, website, or video-sharing account) any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games, or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates

(d) selling, reselling, or processing payments for any software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games, or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(e) assisting in any way with the development of software whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games, or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

Mitchell Silberberg & Knupp LLP

5603188.2

(f) sharing, copying, transferring, or distributing any software (or portion thereof) whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(g) publishing or distributing any source code or instructional material for the creation of software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(h) operating, assisting or linking to any website designed to provide information to assist others in accessing, developing or obtaining any software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(i) investing or holding any financial interest in any enterprise which Defendants know or have reason to know is now, or intends in the future to

be, engaged in any of the activities prohibited by this Judgment and Permanent Injunction.

   (j) reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates, including R6S, or providing assistance to any person or entity engaged in such activities.

  3. Defendants shall take all necessary steps to disable, remove, or otherwise shut down any social network accounts under their control that have been used to distribute or promote the Cheating Software or any other software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU.

  4. Defendants are ordered to destroy any software product whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games, or violates Ubisoft's Terms of Use ("TOU"), including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates, pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

  5. Any company or entity that any Defendant controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

  6. Defendants irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered

Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

7. Defendants irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. Nothing contained in this Judgment and Permanent Injunction shall limit the right of Ubisoft to seek relief, including without limitation damages, for any and all infringements by Defendants of Ubisoft's Intellectual Property occurring after the date of this Judgment and Permanent Injunction.

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction. Defendants consent to the personal jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Judgment and Permanent Injunction.

A copy of the [Proposed] Consent Judgment and Injunction is being lodged concurrently herewith and is attached hereto as Exhibit A.

IT IS SO STIPULATED

DATED: January 29, 2020

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer
Attorneys for Plaintiff
UBISOFT, INC.

DATED: January 29, 2020

By: [signature]
J.V.L.

DATED: January 29, 2020

By: [signature]
Sandra Rijken, J.V.L.'s parent/guardian

DATED: January 29, 2020

By: [signature]
Sandra Rijken d/b/a Simply San Webdesign