JS-6

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBISOFT, INC., a corporation existing under the laws of California,<br><br>　　　　　Plaintiff,<br>　　　v.<br><br>J.V.L., a/k/a SMBB, KOKUJIN, and MRGAMEBOY, an individual; SANDRA RIJKEN d/b/a SIMPLY SAN WEBDESIGN, an individual; MIZUSOFT LTD., an entity of unknown form; DOE 1 a/k/a SKULLMEME; DOE 2 a/k/a YUSUF; DOE 3 a/k/a EMRETM, and DOES 4 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 19-9132-GW-KESx<br><br>**Honorable George H. Wu**<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

1        Pursuant to the Parties' Stipulation dated January 29, 2020, the Court hereby

2    orders that judgment is entered against defendants J.V.L., Mizusoft Ltd., and

3    Sandra Rijken (collectively "Defendants") as follows.

4

5        IT IS HEREBY FOUND, ORDERED, ADJUDGED as follows:

6

7        1.        Judgment shall be entered against Defendants in the amount of One

8    Million, Four Hundred Thousand Dollars ($1,400,000), payable pursuant to the

9    terms set forth in the Parties' Confidential Settlement Agreement and Release.

10

11       2.        Defendants, all persons acting under Defendants' direction or control

12   (including but not limited to Defendants' agents, representatives, and employees),

13   and those persons or companies in active concert or participation with Defendants

14   who receive actual notice of this Order by personal service or otherwise, shall

15   immediately and permanently cease and desist from any of the following:

16

17            (a)        taking any steps on Defendants' own behalf or assisting others

18   in creating, distributing, advertising, marketing or otherwise making available any

19   software whose use infringes copyrights, patents, or trademarks owned or

20   controlled by Ubisoft Inc. or its parents, subsidiaries, or affiliates ("Ubisoft")

21   (Ubisoft's "Intellectual Property"), circumvents technological measures that

22   control access to Ubisoft's games (including but not limited to Rainbow Six: Seige

23   ("R6S")), or violates Ubisoft's Terms of Use ("TOU"), including but not limited to

24   the software products known as "Mizusoft" and "CheapBoost" (the "Cheating

25   Software") and any other software product designed to exploit or enable the

26   exploitation of R6S or any other game owned, published, distributed or operated

27   by Ubisoft or its parents, subsidiaries, or affiliates;

28

1          (b)     obtaining, possessing, accessing or using any software whose

2    use by Defendants infringes any of Ubisoft's Intellectual Property, circumvents

3    technological measures that control access to Ubisoft's games, or violates the

4    TOU, including but not limited to the Cheating Software, and any other software

5    product designed to exploit or enable the exploitation of R6S or any other game

6    owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

7

8          (c)     Promoting, advertising, or encouraging or inducing others to

9    purchase or use (including via any social media account, website, or video-sharing

10   account) any software whose use infringes any of Ubisoft's Intellectual Property,

11   circumvents technological measures that control access to Ubisoft's games, or

12   violates the TOU, including but not limited to the Cheating Software, and any

13   other software product designed to exploit or enable the exploitation of R6S or any

14   other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or

15   affiliates

16

17          (d)     selling, reselling, or processing payments for any software

18   whose use infringes any of Ubisoft's Intellectual Property, circumvents

19   technological measures that control access to Ubisoft's games, or violates the

20   TOU, including but not limited to the Cheating Software, and any other software

21   product designed to exploit or enable the exploitation of R6S or any other game

22   owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

23

24          (e)     assisting in any way with the development of software whose

25   use infringes any of Ubisoft's Intellectual Property, circumvents technological

26   measures that control access to Ubisoft's games, or violates the TOU, including

27   but not limited to the Cheating Software, and any other software product designed

28

to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(f)     sharing, copying, transferring, or distributing any software (or portion thereof) whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(g)     publishing or distributing any source code or instructional material for the creation of software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(h)     operating, assisting or linking to any website designed to provide information to assist others in accessing, developing or obtaining any software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU, including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates;

(i)     investing or holding any financial interest in any enterprise which Defendants know or have reason to know is now, or intends in the future to be, engaged in any of the activities prohibited by this Judgment and Permanent Injunction.

(j)     reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates, including R6S, or providing assistance to any person or entity engaged in such activities.

3.     Defendants shall take all necessary steps to disable, remove, or otherwise shut down any social network accounts under their control that have been used to distribute or promote the Cheating Software or any other software whose use infringes any of Ubisoft's Intellectual Property rights, circumvents technological measures that control access to Ubisoft's games or violates the TOU.

4.     Defendants are ordered to destroy any software product whose use infringes any of Ubisoft's Intellectual Property, circumvents technological measures that control access to Ubisoft's games, or violates Ubisoft's Terms of Use ("TOU"), including but not limited to the Cheating Software, and any other software product designed to exploit or enable the exploitation of R6S or any other game owned, published, or operated by Ubisoft or its parents, subsidiaries, or affiliates, pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

5.     Any company or entity that any Defendant controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

11865751.1

6. Defendants irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

7. Defendants irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. Nothing contained in this Judgment and Permanent Injunction shall limit the right of Ubisoft to seek relief, including without limitation damages, for any and all infringements by Defendants of Ubisoft's Intellectual Property occurring after the date of this Judgment and Permanent Injunction.

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction. Defendants consent to the personal jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Judgment and Permanent Injunction.

///
///
///
///
///
///

1       10.    The Court finds there is no just reason for delay in entering this

2  Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil

3  Procedure 54, the Court directs immediate entry of this Judgment and Permanent

4  Injunction against Defendants.

6   DATED: February 4, 2020

7                          By: _____

8                             HON. GEORGE H. WU,
                                   U.S. DISTRICT JUDGE